United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 17, 1996**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40359
_____


FREEDOM COMMUNICATIONS, INC. d/b/a
The Monitor,

                                      Plaintiff-Appellant,


                    versus


THE HONORABLE FERNANDO MANCIAS, Judge of
the 93rd Judicial District Court of
Hidalgo County, Texas; PAULINE G.
GONZALEZ, Clerk of the Hidalgo County
District Courts,

                                      Defendants-Appellees.
_____

        Appeal from the United States District Court for the
                    Southern District of Texas
                         (M-96-CV-046)
_____

                      October 17, 1996

Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

        This appeal presents the question whether the district court

correctly dismissed the complaint on the basis of res judicata.

After reviewing the record, studying the briefs, and considering

---

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

the arguments presented to this court, we have concluded that the dismissal was erroneous.

Res judicata attaches only when there has been a final judgment rendered by a court of competent jurisdiction on the merits of a claim. See, e.g., Eagle Prop., Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex. 1990). In this action, the state court dismissed the complaint for lack of jurisdiction. A dismissal for lack of jurisdiction does not operate as a judgment on the merits for purposes of res judicata. See, e.g., Fed. R. Civ. P. 41(b). Additionally, in the state court, The Monitor only sought to intervene in a pre-existing action. Ordinarily, the denial of a motion to intervene does not result in a bar to future litigation on the basis of res judicata. See, e.g., In re Troy Dodson Constr. Co., 993 F.2d 1211, 1214 (5th Cir. 1993); 18 Charles A. Wright Et Al., Federal Practice and Procedure § 4438, at 352 (1981).

Because we conclude that res judicata does not bar the present action, we remand the case to the district court for consideration of the merits of the section 1983 claim. Upon remand, it seems to us that the court must first examine whether The Monitor has alleged a constitutional right by virtue of their claim that the First Amendment grants them the right to have a case-by-case review of sealed court files to determine whether their alleged right to the information is outweighed by the privacy interests of those

connected with the file whose privacy is protected by the sealing order. Second, if the court finds that The Monitor has effectively raised a constitutional claim, then the court must determine whether the Texas statutes, as applied in this case, result in a denial of that right. If so, the court then must consider whether the Texas statutes should be stricken on the basis of their unconstitutionality as applied in this case and, finally, if the Texas statutes are being unconstitutionally applied in this case, whether the state court judge should be ordered to conduct a review of the sealed file to determine the relative weights of The Monitor's right to the information and the privacy interests protected by the sealing. Our suggestion set out above as to how the district court might proceed is not intended to straight-jacket the district court, which may proceed to determine the merits of the plaintiff's claim in its own good judgment.

Finally, we might observe that, in the course of these proceedings, the district court may see the need to invite the State of Texas to become a party in order to defend its statutes. Indeed, if the plaintiff seeks to declare a state statute invalid, the state must be made a party.

3

We therefore REVERSE the district court's holding that the state court decision bars, because of res judicata, the present action and REMAND this action for further consideration.

REVERSED and REMANDED.